**Lawrence IANETTA, Plaintiff,**

v.

**PUTNAM INVESTMENTS, INC., Defendant.**

**No. CIV. A. 00–10385–JLT.**

United States District Court, D. Massachusetts.

Feb. 20, 2001.

---

Matthew Cobb, Law Firm of Matthew Cobb, Boston, MA, for Lawrence Ianetta, Plaintiffs.

Ilene Robinson, Sullivan & Worcester, LLP, Boston, MA, for Putnam Investments Incorporated, Defendants.

### MEMORANDUM

TAURO, District Judge.

### BACKGROUND

Plaintiff Lawrence Ianetta ("Ianetta") is a former employee of Defendant Putnam Investments, Inc. ("Putnam"). Ianetta began working for Putnam in December 1996 as a shareholder service representative. He was reassigned to the trade control department in April 1998, where he was supervised by Gary Sullivan.

Ianetta alleges that, between December 1998 and February 1999, Sullivan twice called him a "faggot," singled him out, and treated him differently. In February 1999, Ianetta asked Putnam's Human Resources Office for the company's policy regarding sexual-orientation discrimination. On February 19, 1999, Ianetta was given a "final written warning," threatening termination within thirty days allegedly based on Ianetta's substandard performance.

On February 24, 1999, Ianetta filed a discrimination charge with the Massachusetts Commission Against Discrimination ("MCAD"). He was terminated by Putnam on March 23, 1999, and the MCAD issued Ianetta a right to sue letter in February 2000.

Ianetta sued Putnam for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"); and Mass. Gen. Laws ch. 151B. Putnam now moves to dismiss Ianetta's complaint.

### DISCUSSION

Putnam moves to dismiss under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. It makes three supporting arguments: that Title VII does not proscribe harassment based on sexual orientation; that Ianetta failed to exhaust administrative remedies on any sex-discrimination claim; and that Ianetta cannot make out a prima facie case of retaliation.

### A. Harassment Based on Sexual Orientation

Putnam first argues that the case must be dismissed because Ianetta raises only a harassment claim based on his sexual orientation, and such a claim is not cognizable under Title VII. Title VII prohibits discrimination based only on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). It does not proscribe discrimination based on sexual orientation. *See Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 259 (1st Cir.1999). And so, if Ianetta's only basis for his discrimination claim is sexual orientation, Putnam's Motion to Dismiss must be allowed.

Ianetta, however, argues his claim not as one based on sexual-orientation, but as one for sex discrimination. Ianetta contends that Sullivan's use of the term "faggot" and his other actions were made because Ianetta failed to conform to the male gender stereotype. This, Ianetta contends, constitutes discrimination based on his sex.

The question before this court is whether a complaint based on one's failure to conform to a gender stereotype states a claim for sex discrimination under Title VII. In *Higgins,* the First Circuit noted that the Supreme Court's decision in *Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 118 S.Ct. 998, 1002–03, 140 L.Ed.2d 201 (1998), recognized that same-sex harassment is prohibited by Title VII, just as is opposite-sex harassment. *See Higgins,* 194 F.3d at 261 n. 4. The First

Circuit further stated that "just as a woman can ground an action on a claim that men discriminated against her because she did not meet stereotyped expectations of femininity, a man can ground a claim on evidence that other men discriminated against him because he did not meet stereotyped expectations of masculinity." *Id.* (citations omitted).

Putnam argues that this language is mere dicta, and that this court instead should follow the Seventh Circuit's decision in *Hamner v. St. Vincent Hosp. and Health Care Ctr., Inc.,* 224 F.3d 701 (7th Cir.2000), a case Putnam argues is directly on point. In *Hamner,* the plaintiff, a male nurse and homosexual, sued his former employer, claiming that he was terminated in retaliation for submitting a sexual-harassment grievance. *See id.* at 703. Reviewing Hamner's trial testimony, the Seventh Circuit stated that the plaintiff only alleged harassment based on his homosexuality, which is not cognizable under Title VII. *See id.* at 705–07.

Contrary to Putnam's reading of *Hamner,* the Seventh Circuit did not decide whether harassment based on the plaintiff's failure to meet gender stereotypes states a Title VII sex-discrimination claim. The Seventh Circuit noted that, although plaintiff made this argument on appeal, he failed to raise it below. The court, nevertheless, concluded in dicta that had plaintiff properly raised the argument, it lacked merit because the harassment evidence "pertained only to [plaintiff's] sexual orientation, and not to his sex." *Id.* at 707. There was no evidence, it stated, to support an argument that plaintiff was discriminated against for failing to meet the male gender stereotype. *See id.* at 708. This is very different indeed from Putnam's contention that *Hamner* stands for the proposition that such claims are not cognizable under Title VII.

Ianetta claims that he was discriminated against for failing to meet the male gender stereotype. The First Circuit's language in *Higgins,* uncontradicted by *Hamner,* recognizes that such an allegation states a claim for sex discrimination under Title VII. *See Higgins,* 194 F.3d at 261 n. 4. Thus, Putnam's Motion to Dismiss on this ground must be denied.

*B. Exhaustion*

Putnam argues that if Ianetta states a claim for sex discrimination, the case still must be dismissed for failure to exhaust administrative remedies. Putnam claims that Ianetta failed to raise sex discrimination before the MCAD.

An employment-discrimination complaint is limited to the charges filed before the EEOC/MCAD and to all claims reasonably within the scope of the agency's investigation. *See Edwin v. Blenwood Assoc., Inc.,* 9 F.Supp.2d 70, 73 (D.Mass. 1998). To be within the investigatory scope, the agency must be informed of the claim in the complaint or during the period of investigation. *See Borase v. M/A–Com, Inc.,* 906 F.Supp. 65, 67 (D.Mass.1995) (M.J.Collings) (citing *Johnson v. General Electric,* 840 F.2d 132, 139 (1st Cir.1998)). If notice of a claim is given after investigation and the right to sue letter has been issued, "a new administrative complaint would have [to be] filed to provide the administrative agency the opportunity to investigate the charge...." *Id.* at 68. It is irrelevant whether the agency actually investigates the claim. *See id.*

Ianetta states that he properly raised his sex discrimination claim by referencing sex discrimination in his MCAD complaint, and by specifically stating it in his Rebuttal filed with the MCAD on June 18, 1999. Ianetta's MCAD complaint states his "Cause of Discrimination" as "Sexual Or-

ientation Other Sex. (Sexual Orientation Paragraph 4, Retaliation Male)." His Rebuttal specifically states in Paragraph 18 that "I charge Putnam with sexual harassment, *discrimination on the basis of sex,* sexual orientation, and perceived sexual orientation in terms and conditions of my employment." (emphasis added).

■ If Ianetta' MCAD complaint was insufficient to alert the agency of his sex-discrimination claim, his Rebuttal certainly provided such notice. Because the Rebuttal was filed during the investigatory period, and before the right to sue letter was issued, Ianetta's sex-discrimination claim properly was raised before the MCAD.

*C. Retaliation*

■ Putnam also seeks dismissal of Ianetta's retaliation claim, arguing that Ianetta cannot make out the prima facie case. To establish a prima facie case of retaliation under Title VII, Ianetta must demonstrate that: (1) he engaged in activity protected by the statute; (2) he subsequently suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *See Hoeppner v. Crotched Mountain Rehab. Ctr., Inc.,* 31 F.3d 9, 14 (1st Cir.1994).

■ Putnam argues that Ianetta never complained to Putnam about alleged sex discrimination during his employment, and that the only protected activity stated in the complaint is his request for Putnam's policy regarding sexual-orientation discrimination. Because sexual-orientation discrimination is not prohibited by Title VII, his request for the sexual-orientation discrimination policy is not protected activity.

Ianetta counters that he alleges not only retaliation based on his policy request, but also for filing a MCAD complaint. Ianetta's complaint before this court states "[t]he said termination was in reprisal for Ianetta's above protected activities, to and including his filing at the MCAD/EEOC, which protected activities Putnam was knowledgeable of prior to his termination, and because of his gender and sexual orientation." Compl. ¶ 24.

As stated above, Ianetta raised both sexual orientation and gender discrimination in his MCAD complaint. Because gender discrimination is prohibited by Title VII, Ianetta's MCAD filing is a protected activity. *See Tracy v. Mount Ida College,* 1995 WL 464909 *2 (D.Mass. Mar. 17, 1995). Ianetta, therefore, states a claim for retaliation.

### CONCLUSION

For the foregoing reasons, Putnam's Motion to Dismiss is DENIED.

IT IS SO ORDERED.